UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
MICHAEL G. BRAUTIGAM,  :
                          Plaintiff,  :  11 Civ. 2693 (TPG)
     – against –  :  **OPINION**
ROBERT E. RUBIN, et al.  :
                         Defendants,  :
                  and  :
CITIGROUP, INC.  :
               Nominal Defendant.  :
------------------------------------------------x

WILLIAM FITZPATRICK,  :
                          Plaintiff,  :  11 Civ. 2822 (TPG)
     – against –  :  **OPINION**
ROBERT E. RUBIN, et al.  :
                         Defendants,  :
                  and  :
CITIGROUP, INC.  :
               Nominal Defendant.  :
------------------------------------------------x

      The plaintiffs in these two related actions seek the consolidation of the two cases and the appointment of lead counsel. Defendants do not

oppose consolidation of the two actions and take no position with respect to the plaintiffs' request for appointment of counsel.

The motions are granted.

## DISCUSSION

Consolidation

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the court has discretion to consolidate cases for pre-trial purposes. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990). "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." Id. at 1285; see also Consorti v. Armstrong World Indus., Inc., 72 F.3d 1003, 1006 (2d Cir. 1995).

The defendants do not object to consolidation in this case and it would be economical to have these cases, which include substantially similar allegations, consolidated into one action.

All future filings in these cases are to be filed in the docket for case number 11 Civ. 2693.

Appointment of Counsel

An order consolidating cases for pre-trial purposes may also set a leadership structure for the consolidated proceedings. See MacAlister v. Guterma, 263 F.2d 65, 68 (2d Cir. 1958). Appointment of lead counsel serves to prevent "overlapping duplication in motion practices and pre-

trial procedures occasioned by competing counsel representing different plaintiffs in separate stockholder derivative actions." Id.

Here, the plaintiffs in these two actions have both requested that three different law firms, Emerson Poynter LLP, Branstetter, Stranch & Jennings, PLLC, and Whatley, Drake & Kallas, LLC, serve as Co-Lead Counsel for these actions upon consolidation. Defendants take no position with respect to plaintiffs' request.

The court appoints these three firms as Co-Lead Counsel in these actions. If the appointment of multiple firms as Co-Lead Counsel later proves inefficient, the court may revisit this determination as appropriate.

## CONCLUSION

Plaintiffs' motions are granted. The clerk of court is hereby directed to close case number 11 Civ. 2822 and consolidate these cases under the docket for case number 11 Civ. 2693.

Dated: New York, New York
December 15, 2011

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/11